IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY M. COUNTS, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:11-CV-4410-RWS-CCH |
| | : |
| HOSPITALITY MANAGEMENT CONCEPTS, | : |
| | : |
| | : |
| Defendant. | : |

## **O R D E R**

Plaintiff Timothy M. Counts, acting *pro se*, seeks leave to file this civil action *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). For the reasons set forth below, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **DENIED**.

In the past year and half, Plaintiff has filed at least three previous lawsuits in this Court. *See Timothy M. Counts v. Arch Ins. Co.*, Civil Action No. 1:10-CV-2858-MHS, N.D.Ga ("*Counts I*")*; Timothy M. Counts v. Interstate Protective Serv.,* Civil Action No. 1:10-CV-3632-RWS-CCH, N.D.Ga ("*Counts II*")*; Timothy M. Counts v. Metro PCS*, Civil Action No. 1:10-CV-3633-RWS-CCH, N.D.Ga ("*Counts III*"). The three previous actions have all been dismissed on various grounds. More importantly,

however, in each action the Plaintiff filed affidavits in support of his requests to proceed *in forma pauperis*, but all of them contained different responses regarding his employment history, income, and assets.

In *Counts I*, filed September 9, 2010, Plaintiff claimed that he had no monthly income for the previous twelve months, and no employment history for the previous two years, while simultaneously claiming that he had been "wrongfully terminated" from his job on August 30, 2010; he also claimed that he did not own a home. In *Counts II*, filed November 5, 2010, Plaintiff claimed that he had received no monthly income for the previous twelve months, but simultaneously stated that he had been employed by "O.D.S. Security" from April of 2008 through May of 2009, and employed by "I.P.S. Security" from May of 2009 through August of 2010. He also claimed that he did not own a home and had no monthly household expenses, but later amended his affidavit to state that he owned a home worth $175,000. In *Counts III*, also filed on November 5, 2010, the same day as *Counts II*, Plaintiff also claimed that he had earned no monthly income for the previous twelve months, but simultaneously stated that he had been employed by by "I.P.S. Security" from May of 2009 through August of 2010, and that his gross monthly salary was $1,000. He also stated that he

owned a home worth $77,000, without explaining how his home could lose almost $100,000 in market value in one day.

Now Plaintiff has filed yet another complaint in this Court, again requesting that he be allowed to proceed without prepaying fees or costs. In Plaintiff's affidavit of poverty filed in support of his Application to Proceed in District Court without Prepaying Fees or Costs [1], Plaintiff states in response to question number one that he has earned $1200 in average monthly income over the past twelve months from employment at "Security One In," and another $800 in monthly income from a "job," for a total monthly income of $2,000, but he fails to indicate that he had any other employment in the previous two years before becoming employed at "Security One" on December 5, 2011. *See* Affidavit [1] at ¶¶ 1, 2.[1] Furthermore, although Plaintiff claims to reside at the same address as when he filed the three previous actions, Plaintiff now states that he does not own a home, although he simultaneously claims that he pays both real estate taxes and property insurance each month. *Id.* at ¶¶ 5, 8.

---

[1] Plaintiff adds $1200 in monthly income from "Security One In" and $800 in monthly income from a "job" and comes up with a total of $800 per month in average monthly income. *See* Affidavit [1] at 1. It is not clear whether Plaintiff has two separate jobs and has a broken calculator, or whether Plaintiff cannot decide whether he has earned an average of $1200 or $800 in monthly income from his one and only job. In either case, Plaintiff's responses are not consistent.

Based on these internally inconsistent responses, as well as the inconsistent responses between this affidavit and the Plaintiff's previous affidavits, the undersigned finds that the requirements of 28 U.S.C. § 1915(a)(1) have not been satisfied, and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **DENIED**.

In order to proceed with this action, Plaintiff is **ORDERED** to pay the appropriate filing fee to the Clerk within **thirty (30) days** of the date of this Order. Thereafter, Plaintiff must effect service of the summons and complaint upon the Defendant in accordance with the Federal Rules of Civil Procedure. Plaintiff is further advised that a failure to comply with this Order may result in a dismissal of this action.

IT IS SO ORDERED this 21st day of December, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE